The majority opinion herein concludes that plaintiff's injury did not arise out of her employment because plaintiff's injuries arose out of an assault by a person who was not employed by defendant-employer. It is uncontroverted that plaintiff's injuries occurred within the course of her employment. The general rule cited by the majority is that assaults to employees do not arise out of the employment unless there is a peculiar risk to the employee or the injury can be fairly traced to the employment as a contributing proximate cause. Gallimore v.Marilyn Shoes, 292 N.C. 399 (1977). Gallimore is distinguishable from the instant case in one important respect. The employee inGallimore was kidnapped from a mall parking lot; consequently, she was not on the premises owned or controlled by her employer. The risk to the employee in Gallimore was the same as the risk of any other mall patron using the parking lot. The employee's injury in Gallimore did not occur within the course of her employment.
I believe, based upon the facts of this case, that plaintiff's injury was a natural and probable consequence of the nature of her employment and was proximately caused by a risk to which plaintiff was exposed because of the nature of her employment. Plaintiff worked the second shift (from 2:45 p.m. to 11:00 p.m.) at Hillhaven Nursing Home. Hillhaven was open to the public at all hours of the day. The only open entrance and exit to the facility after 7 p.m. was the door leading to the parking lot. On May 26, 1995, as plaintiff stepped from the building to the parking lot shortly after 11:15 p.m., someone drove into the parking lot near her; approached her and began to ask questions about the nursing home. Plaintiff believed that the person talking to her was a welcomed visitor; therefore, she stopped and attempted to be as helpful as possible as she had always done when approached by visitors in the past. When plaintiff began walking to her car, the visitor grabbed her shoulder bag and dragged plaintiff to the pavement. Plaintiff sustained injuries to her back, neck, arm and leg as a result of the assault. Plaintiff was unable to work as a result of her injuries from June 4, 1995 and continuing.
Plaintiff's employment placed her in a position where she encountered strangers who needed information or directions. Plaintiff was expected by her employer to be polite to visitors and to assist them in any way she could. Plaintiff's employment caused her to come into contact with persons who might be visiting the facility late at night. Plaintiff's employment caused her to treat people she encountered in defendant-employer's parking lot at night as welcomed visitors rather than taking reasonable precautions when dealing with strangers. This case is similar toCulpepper v. Fairfield Sapphire Valley, 93 N.C. App. 242 (1989), where a cocktail waitress was assaulted after she stopped to help a stranded motorist whom she recognized as a customer of the place where she worked. The court awarded compensation to plaintiff.
For the foregoing reasons, I respectfully DISSENT from the majority opinion herein.
 S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
BSB:md